24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Bobby COLEMAN, Plaintiff-Appellant,
v.
UNITED STATES of America; Immigration & Naturalization
Service; U.S. Department of Justice, Defendants-Appellees.
 No. 92-56576.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 6, 1994.
Decided May 2, 1994.
 
 Before: HUG, WIGGINS, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Appellant, Bobby Coleman, an investigator for the Immigration and Naturalization Service ("INS") appeals the district court's judgment following a bench trial, in favor of the INS in his employment discrimination action under Title VII of the Civil Rights Act of 1964. Coleman, an African-American, alleged that the INS intentionally discriminated against him on five separate occasions because of his race, his sex, and his participation in Equal Employment Opportunity ("EEO") activities. The five complaints of discrimination pertain to (1) three instances of non-selection (non-promotion) to supervisory criminal investigator positions in 1983, 1987, and 1988; (2) appellant's suspension for failure to follow a supervisor's orders; and (3) delay in the receipt of a monetary performance award.
 
 
 3
 Appellant contends that the district court's finding of no discrimination on his five complaints was clearly erroneous. He further challenges the adequacy of the district court's findings of fact and conclusions of law. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. THE DISTRICT COURT'S JUDGMENT
 
 4
 The findings of fact in a Title VII discrimination claim may be overturned on appeal only if they are clearly erroneous. Bouman v. Block, 940 F.2d 1211, 1220 (9th Cir.1991). Coleman contends that the district court's findings of non-discrimination regarding his five complaints were clearly erroneous.
 
 
 5
 Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. Sec. 2000e-2(a)(1). "The broad, overriding interest, shared by employer, employee, and consumer, is efficient and trustworthy workmanship assured through fair and ... neutral employment and personnel decisions." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 259 (1980) (internal citations omitted).
 
 
 6
 Coleman contends that he received "disparate treatment" from the INS based on his race, his sex, and his EEO activity. In "disparate treatment" cases, the ultimate issue for the district court to decide is "[whether] the defendant intentionally discriminated against the plaintiff.... In other words, is the employer ... treating some people less favorably than others because of their race, color, religion, sex, or national origin." United States Postal Service Bd. of Governors. v. Aikens, 460 U.S. 711, 715 (1982) (internal quotations and citations omitted).
 
 
 7
 The Supreme Court established an analytic framework for the district courts to follow in order to answer expeditiously and fairly the ultimate question of whether the defendant intentionally discriminated against the plaintiff. Odima v. Westin Tuscon Hotel Co., 991 F.2d 595, 599 (9th Cir.1993).
 
 
 8
 First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 9
 Burdine, 450 U.S. at 252-53. Once the employer has articulated legitimate, non-discriminatory reasons for the employee's rejection, the plaintiff's burden of proving that the defendant's reasons were pretextual "merges with the ultimate burden of persuading the court that [the employee] has been the victim of intentional discrimination." Id. at 256. The employee "may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Id.
 
 
 10
 When analyzing the selection of an employee by an employer, "Title VII ... does not demand that an employer give preferential treatment to minorities or women." Burdine, 450 U.S. at 259. "Rather, the focus of Title VII is to ensure neutral employment and personnel decisions." Odima, 991 F.2d at 602. Thus, "the employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria." Burdine, 450 U.S. at 259.
 
 
 11
 Further, "[t]he use of subjective factors to evaluate applicants for hire or promotion is not illegal per se." Jauregui v. City of Glendale, 852 F.2d 1128, 1135 (9th Cir.1988). But, this circuit has held that subjective practices are susceptible to discriminatory use and should be closely scrutinized. Id. at 1136.
 
 
 12
 Review of the record in light of the legal framework set out above shows that the district court did not clearly err in deciding there was no intentional discrimination regarding all five complaints. After appellant presented a prima facie case of discrimination, the appellees presented evidence articulating legitimate non-discriminatory reasons for not promoting appellant on three separate occasions, for suspending appellant, and for delaying appellant's award. The trial court's finding that appellant failed to prove that the INS's personnel decisions and action regarding appellant were a pretext for discrimination was not clearly erroneous.
 
 II. FINDINGS OF FACT AND CONCLUSIONS OF LAW
 
 13
 Appellant contends that the district court erred in its findings of fact and conclusions of law. Specifically, he claims that the findings and conclusions are inadequate because they fail to state whether he proved a prima facie case, because the court failed to make specific findings as to each complaint thus making them inadequate for review by this panel, and because the court erred in not separating the findings of fact from the conclusions of law.
 
 A. Prima Facie Case
 
 14
 The district court delivered its findings of fact and conclusions of law orally and telephonically. The court did not state whether Coleman proved a prima facie case as to each complaint in its findings. This omission was not error. "Once a Title VII case proceeds to judgment the issue is no longer whether plaintiff has established a prima facie case, but whether there was discrimination." Bouman v. Block, 940 F.2d at 1223.
 
 
 15
 [W]hen the defendant ... responds to the plaintiff by offering evidence of the reason for the plaintiff's rejection, the factfinder must then decide whether the rejection was discriminatory within the meaning of Title VII. Whether a prima facie case was made is no longer relevant. The district court has before it all the evidence it needs to decide whether the defendant intentionally discriminated against the plaintiff.
 
 
 16
 Id. (internal citations omitted).
 
 
 17
 This case went to judgment. Thus, the issue was not whether a prima facie case was established but whether there was intentional discrimination. The district court addressed in its findings the discrimination and all the evidence presented. The district court did not err by failing to state specifically whether appellant presented a prima facie case.
 
 B. Specificity in Findings
 
 18
 Appellant contends the district court erred by not specifically addressing each complaint. This claim is without merit.
 
 
 19
 "[A] district court must consider an employee's claim of discrimination 'with regard to each of the[ ] employment decisions separately, examining the specific rationale offered for each decision, and determining whether that explanation supported the inference of pretext." Odima, 991 F.2d at 600. The district court addressed each individual complaint separately and specifically. Appellant's contention is not supported by the record. The trial court did not err.
 
 
 20
 C. Separation of Findings of Fact and Conclusions of Law
 
 
 21
 Appellant claims the district court erred because it did not seperate the findings of fact from the conclusions of law.
 
 
 22
 The fact that the district court intermingled some of its findings of fact with its conclusions of law is of no significance. [This court] look[s] at a finding or a conclusion in its true light, regardless of the label that the district court may have placed on it. In other words, the findings are sufficient if they permit a clear understanding of the basis for the decision of the trial court, irrespective of their mere form or arrangement.
 
 
 23
 Tri-Tron Intern. v. Velto, 525 F.2d 432, 435-36 (9th Cir.1975).
 
 
 24
 The district court stated at the beginning of its ruling that it was making findings of fact and conclusions of law. The findings were sufficient, permit a clear understanding of the basis for the trial court's decision, and adhere to the law. The district court did not err in rendering its findings of fact and conclusions of law.
 
 
 25
 Appellant further contends that the district court's findings were in error because the court made the improper assumption that there was no discrimination because appellant's name was placed on the promotion selection lists. In its findings of fact and conclusions of law, the trial court stated, "I am saying that the fact that [Coleman] was placed on this list is reflective of an INS approach at the time, i.e., a nondiscriminatory approach, or he wouldn't have been placed on the list." Appellant claims this comment affects the presumption of a prima facie case, ignores the fact that the list makers were not the decision makers, and colors the district court's findings on all issues involved.
 
 
 26
 This argument lacks merit. Review of the findings of fact and conclusions of law in their entirety demonstrates that the trial court understood the issues and considered each issue in an unbiased and proper manner.
 
 CONCLUSION
 
 27
 The judgment was not clearly erroneous. The findings of fact and conclusions of law were proper and adequate. The district court conducted a proper trial, understood the issues, the evidence, the burdens of proof, and the relevant law. The district court issued proper and unbiased findings of fact and conclusions of law.
 
 
 28
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3